IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14cv639

| | |
|---|---|
| NIA SHERIDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for supplemental security income. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 9 & # 11]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 11], **DENY** Plaintiff's Motion for Summary Judgment [# 9], and **AFFIRM** the decision of the Commissioner.

**I.    Procedural History**

Plaintiff filed an application for supplemental security income on December 6, 2011. (Transcript of Administrative Record ("T.") 128.) The application had a

protective filing date of December 3, 2011. (T. 20, 59, 69.) The Social Security Administration denied Plaintiff's claims. (T. 59-68.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 69-78.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 34-58.) The ALJ then issued a decision finding that Plaintiff was not disabled. (T. 20-27.) Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council. (T. 3-7). Plaintiff then brought this action seeking review of the Commissioner's decision.

    **II.    Standard for Determining Disability**

An individual is disabled for purposes of receiving disability payments if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-related

functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his September 12, 2013, decision the ALJ found that Plaintiff has not been disabled under the Social Security Act since December 3, 2011. (T. 27.) The ALJ made the following specific findings:

(1) The claimant has not engaged in substantial gainful activity since December 3, 2011, the application date (20 CFR 416.971 *et seq.*).

(2) The claimant has the following severe impairment: Affective Disorder (20 CFR 416.920(c)).

(3) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 416.925 and 416.926).

(4) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the

following nonexertional limitations: the claimant is limited to simple, routine, repetitive tasks and occasional interaction with the public and supervisors. Furthermore, she must work in a stable environment.

(5)   The claimant has no past relevant work (20 CFR 416.965).

(6)   The claimant was born on February 7, 1988 and was 22 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

(7)   The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

(8)   Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

(9)   Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

(10)   The claimant has not been under a disability, as defined in the Social Security Act since December 3, 2011, the date the application was filed (20 CFR 416.920(g)).

(T. 22-27.)

**IV.   Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual

findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V. Analysis[1]

**A. The ALJ did not err in Weighing the Opinion Evidence**

In evaluating and weighing medical opinions, the ALJ considers: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d, 653 (4th Cir. 2005); see also 20 C.F.R. § 404.1527.  The ALJ, however, will give a treating source's opinion "controlling weight" where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record . . . ." 20 C.F.R. § 404.1527(d)(2); Mastro, 270 F.3d at 178.  As the Fourth Circuit explained in Mastro:

> Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence. See Hunter, 993 F.2d at 35.

270 F.3d at 178.

Statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner.  SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996).  Because they are administrative findings, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." Id.

In addition, the ALJ must provide a good reason in the notice of the determination or decision for the weight he or she gives a claimant's treating

source opinions. 20 C.F.R. § 404.1527(d)(2); SSR 96-2p, 1996 WL 374188 (Jul. 2, 1996). Social Security Ruling 96-2p further provides that:

> the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

In contrast to the opinion of a treating source, the opinion of a consultative examiner is not entitled to controlling weight. See generally SSR 96-2P, 1996 WL 374188, at *2 (July 2, 1996). A consultative examiner is a non-treating medical source. See 20 C.F.R. § 404.1502. As the pertinent regulation explains:

> Nontreating source means a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you. The term includes an acceptable medical source who is a consultative examiner for us, when the consultative examiner is not your treating source.

20 C.F.R. § 404.1502. Of course, the ALJ may still give "great weight" to the opinion of a non-treating source and, under the right circumstances, may even find that it is entitled to greater weight than that of a treating source. See SSR 96-2P.

Plaintiff contends that the ALJ erred in the weight he assigned to the opinions of Dr. Robert Light and the non-examining, State agency consultants. Dr. Light filled out a psychiatric impairment questionnaire. (T. 295-302.) In addition, Dr. Light submitted his medical opinion in a June 7, 2012, letter. (T. 303.) Dr.

Light indicated that Plaintiff was diagnosed with Bipolar Disorder. (T. 295.) Plaintiff's primary symptoms were mood swings and mood instability and anxiety. (T. 297.) Dr. Light indicated that Plaintiff had several moderate or marked functional limitations. (T. 298-300.) Dr. Light then opined in his June 7, 2012, letter that:

> Medication has improved and stabilized [Plaintiff's] mood somewhat; however, it is my opinion, based on a reasonable degree of medical certainty, Ms. Sheridan will not evidence significant improvement in mood or cognition. Ms. Sheridan will most likely continue to experience impaired focus and concentration, inconsistent work attendance and inability to interact appropriately with peers in the workplace; therefore employment in a full or part-time capacity is not feasible.

(T. 303.)

The ALJ considered the medical evidence at length, including Plaintiff's treatment notes and determined that the opinion of Dr. Light was entitled to no weight. (T. 24-26.) Specifically, the ALJ found:

> No weight, on the other hand, is accorded to the statement of treating physician Dr. Robert T. Light at Hampton Roads Behavioral Health, who writes, "claimant will not improve" and work is not feasible. (Exhibit 5F at page 1). Medical records from Dr. Light's practice contradicts this opinion. To this end, treatment reports indicate that she attends community college and she "is doing well." (Exhibit 3F at page 1). She is also alert and oriented in all three spheres, without delusions. (Id. at page 2.)
>
> Progress reports go on to state that Ms. Sheridan has intact memory, fair impulse control, fair judgment, and adequate concentration. (Id.)

-8-

> Furthermore, she has improved independence and less dependence on her boyfriend. (Exhibit 2F at page 13). The opinion that "claimant will not improve" is thus totally unsupported. Rather, the medical evidence of record is consistent with the State agency opinions.

(T. 26.)

The decision of the ALJ as to the weight to assign the opinion of Dr. Light is supported by substantial evidence in the record and was not the result of legal error. As a threshold matter, any determination that Plaintiff is disabled or unable to work is an administrative finding reserved for the Commissioner and subject to no weight. SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996). Moreover, the the ALJ specifically addressed the medical opinion of Dr. Light, indicated the weight given to his opinion, and provided sufficient reason in the decision for the weight. See SSR 96-2p, 1996 WL 374188 (Jul. 2, 1996); see also Mastro, 270 F.3d at 178. This was all that was required of the ALJ.

Finally, the ALJ's determination that the opinion of Dr. Light was not supported by the medical evidence in the record is supported by substantial evidence in the record. As the ALJ properly determined, the treatment records do not demonstrate the level of impairment and limitations that Dr. Light assessed. The treatment records demonstrate that Plaintiff was doing well and attending community college. (T. 292.) Plaintiff's mood was good, had no delusions, and her memory was intact. (T. 292-93.) As the treatment records discussed in detail

by the ALJ demonstrate, Plaintiff's condition consistently improved despite various stressors in her life. (T. 25.) These treatment records also contradict Dr. Light's opinion that Plaintiff would not evidence significant improvement in mood or cognition and the extreme limitations found by Dr. Light on the Impairment Questionnaire.

Nor did the ALJ err by assigning great weight to the opinion of the State agency consultants. The ALJ found that these decisions were consistent with the treatment records. (T. 25.) The fact that these non-examining consultants may not have reviewed the entire record because the record was incomplete at the time of the assessment is inconsequential where the ALJ considers the entire record and substantial evidence supports the ALJ's decision. Clore v. Colvin, No. 2:13-CV-00023-FDW, 2014 WL 294640, at *7 (W.D.N.C. Jan. 27, 2014) (Whitney, C.J.) (unpublished). Here, the ALJ reviewed the entire treatment record and specifically addressed in the decision why the records were consistent with the findings of the State agency consultants. Upon a review of the record and the relevant legal authority, the Court finds that the decision of the ALJ as to the weight to assign the opinion evidence was supported by substantial evidence in the record and remand is not required.

**B. The ALJ did not err in Considering Plaintiff's complaints of pain**

Plaintiff contends that the ALJ failed to properly consider the Plaintiff's statements regarding her pain and symptoms. As an initial matter, the Court recognizes that it is not the role of this Court to determine whether Plaintiff's testimony was fully credible. Craig, 76 F.3d at 589. Rather, the question for the Court is whether the ALJ applied the proper legal standard in assessing Plaintiff's credibility and whether the ALJ's decision is supported by substantial evidence. Id.

In assessing a claimant's statement of pain and other symptoms, the ALJ applies a two part process. Id. at 594; Hines, 453 F.3d at 565. First, the ALJ must assess whether there is a medically determinable physical impairment that could reasonably be expected to produce claimant's symptoms. 20 C.F.R. §404.1529(c)(1); Craig, 76 F.3d at 595; Hines, 453 F.3d at 565. If the ALJ finds that a claimant suffers such an impairment and that the impairment could reasonably be expected to produce the symptoms of pain of which claimant complains, the ALJ proceeds to step two. 20 C.F.R. § 404.1529(c)(1); Aytch v. Astrue, 686 F. Supp. 2d 590, 604 (E.D.N.C. 2010).

At the second step, the ALJ must evaluate the intensity and persistence of the pain, as well as the extent to which the claimant's symptoms and pain impact

his or her ability to work. 20 C.F.R. § 404.1529(c)(1); Craig, 76 F.3d at 595. "This evaluation requires the ALJ to determine the degree to which the claimant's statements regarding symptoms and their functional effects can be believed and accepted as true; thus the ALJ must consider conflicts between the claimant's statements and the rest of the evidence." Aytch, 686 F. Supp. 2d at 604. This evaluation takes into account all of the available evidence, including the claimant's medical history, the medical signs and laboratory findings, other objective medical evidence, and testimony or statements from claimant, physicians, or others regarding the pain and symptoms. 20 C.F.R. § 404.1529(c)(1) & (2); Craig, 76 F.3d at 595.

Here, the ALJ applied this two-step process in assessing Plaintiff's statements regarding her symptoms. (T. 24-26.) The ALJ first determined that Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleged. (T. 24.) The ALJ then found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (T. 24.)

The ALJ also provided detailed and specific reasons for why he found Plaintiff's testimony not fully credible. (T. 24-26.) For example, the ALJ found

that the treatment records indicated that Plaintiff was "doing well" and that she demonstrated steady improvement. (T. 24-26.) The ALJ also found that the treatment records reflect that Plaintiff was making progress and her mood was generally stable. (T. 25.) The ALJ noted that Plaintiff attended community college, even though she testified that she dropped out, goes to the YMCA to work out, and listens to comedy online. (T. 24-25.) The ALJ also relied on the opinions of the State agency consultants. (T. 25.)

Although Plaintiff may disagree with the result that the ALJ reached based on the application of this two-step process, the record is clear that the ALJ applied the correct legal standard in assessing Plaintiff's credibility, and it is not the role of this Court to re-weigh the evidence and determine whether Plaintiff's testimony is credible. See Craig, 76 F.3d at 589. The Court finds that the ALJ's determination that Plaintiff's testimony was not fully credible was the result of the application of the proper legal standard and is supported by substantial evidence in the record. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 11], and **DENY** Plaintiff's Motion for Summary Judgment [# 9].

   VI.   **Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT** the

Commissioner's Motion for Summary Judgment [# 11], **DENY** Plaintiff's Motion for Summary Judgment [# 9], and **AFFIRM** the decision of the Commissioner.

Signed: December 14, 2015

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).